UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MUHARREM BALKANLI,

                Plaintiff,

      v.

CITY OF NEW YORK, DEPARTMENT OF
SANITATION, and NYPD 114 POLICE
PRECINCT,

                Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2929 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Muharrem Balkanli, proceeding *pro se*, commenced the above-captioned action on May 14, 2018 against Defendants the City of New York, the New York City Department of Sanitation ("DOS") and the 114th Precinct of the New York City Police Department ("NYPD"), alleging violations of his Fourth Amendment due process rights and seeking damages as a result of Defendants' actions of impounding his vehicles. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff thirty (30) days to file an amended complaint.

**I. Background**

    Plaintiff alleges that on unspecified "multiple dates" in Queens County, New York, Defendants "confiscated" and impounded two lawfully parked vehicles that he owned in violation of his "due process" and "fourth amendment" rights. (Compl. 4.) Plaintiff alleges that the vehicles were "parked around his office legally" and that Defendants' actions of impounding

the vehicles deprived him of the "cost of [the] vehicles and future income, [and] profit from the sales that th[o]se vehicles were to bring." (*Id.*)  In the Complaint, Plaintiff does not specify which Defendant impounded the vehicles.  (*See generally* Compl.)  In his IFP application, Plaintiff identifies five vehicles that he alleges NYPD impounded.  (IFP Mot., Docket Entry No. 2.)  Plaintiff seeks $181,500 in damages, including $31,500 for the value of the cars and $150,000 for the loss of future income.  (Compl. 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim

The Court liberally construes the Complaint to assert a claim pursuant to 42 U.S.C. § 1983 alleging the violation of Plaintiff's constitutional rights.[1]

To sustain a claim brought under section 1983, a plaintiff must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived . . . [the plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### i. Claims against the NYPD and the DOS

Plaintiff's claims against the NYPD and the DOS fail because the NYPD and the DOS are not suable entities.

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City

---

[1] Although Plaintiff specifies in the accompanying Civil Cover Sheet that the Court has federal question jurisdiction, (Civil Cover Sheet, Docket Entry No. 1-1), he utilizes a form complaint for a civil case alleging negligence under the court's diversity jurisdiction but does not allege negligence or diversity jurisdiction, (*see generally* Compl., Docket Entry No. 1). Based on the allegations in the Complaint, however, all the parties appear to be domiciled in New York, precluding diversity jurisdiction. (Compl. 1–3.) *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

of New York and not in that of any agency, except where otherwise provided by law." N.Y. City

Charter, chap. 17 § 396. This provision "has been construed to mean that New York City

departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George

Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam). Thus, because NYPD

and DOS are agencies of the City of New York, they are not amenable to suit. *See Jenkins v.

City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of

the City."); *Morris v. N.Y.C. Police Dep't*, 59 F. App'x 421, 422 (2d Cir. 2003) (affirming

dismissal of claims asserted against the NYPD due to non-suable-entity status); *see also Nnebe v.

Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("It is well settled in this Court that, as a general matter,

agencies of New York City are not suable entities in § 1983 actions."); *Residents for Sane Trash

Sols., Inc. v. U.S. Army Corps of Engineers*, 31 F. Supp. 3d 571, 577 (S.D.N.Y. 2014) ("The

New York City Department of Sanitation . . . [is an] agenc[y] of the City of New York.");

*Waheed v. City of New York Gun & License Div.*, No. 07-CV-179, 2007 WL 465569, at *2

(E.D.N.Y. Jan. 31, 2007) ("To the extent plaintiff seeks to sue agencies of the City of New York,

such as the . . . New York City Police and Sanitation Departments, the claims against these

defendants are dismissed as these agencies lack independent legal existence and therefore are not

suable entities.") Any action against the NYPD or the DOS must be brought against the City of

New York. Accordingly, the Court dismisses the section 1983 claims against the NYPD and the

DOS for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

  **ii. City of New York**

 Plaintiff fails to state a claim against the City of New York.

 Congress did not intend municipalities to be held liable under section 1983, "unless

action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*

*v. Department of Social Services*, 436 U.S. 658, 691 (1978). To bring a claim against the City of New York, a plaintiff must allege a policy or custom attributable to New York City. *See Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (holding that a municipality, like the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "'(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right.'" (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007))); *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (holding that proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates); *see also Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Plaintiff fails to allege any facts to support an inference that an official policy or custom of the City of New York caused a violation of any federally protected right. Accordingly, the Court dismisses the section 1983 claim against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Leave to amend the Complaint

Although the Court dismisses the Complaint against all Defendants, in light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days to amend the Complaint in order to name proper defendant(s), such as the City of New York and/or individual police officers who are responsible for the alleged deprivation of his constitutional rights. The Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiff fails to timely file an amended complaint, the Court will enter judgment dismissing this action for the reasons set forth above.

### III. Conclusion

The Court dismisses the Complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff thirty (30) days to file an amended complaint. Should Plaintiff fail to file an amended complaint within thirty (30) days of this Memorandum and Order, the Court will dismiss the action. No summonses shall issue at this time and all further proceedings will be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 12, 2018
       Brooklyn, New York